IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DAN CHARLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  4:17-cv-00071-SMR-HCA |
| | ) | |
| BILL MCCARTHY, in his individual | ) | |
| capacity and official capacity as the | ) | |
| Polk County Sheriff, KEVIN SCHNEIDER, | ) | |
| in his individual capacity, | ) | |
| VICTOR MUNOZ, in his individual | ) | |
| capacity, RON RICHARDS, in his | ) | |
| individual capacity, TIM KRUM, | ) | JOINT STATUS REPORT |
| in his individual capacity, | ) | ON ESI |
| JAMES B. BROWN, in his individual | ) | |
| capacity, JOE SIMON, in his individual | ) | |
| capacity, BRENT LONG, in his individual | ) | |
| capacity and SHAWN VAN HOOZER, | ) | |
| in his individual capacity,  LOLA EVANS, | ) | |
| in her individual capacity, and MICHAEL | ) | |
| CAMPBELL, in his individual capacity, | )) | |
| | ) | |
| Defendants. | ) | |

Now comes the parties and hereby submits their joint status report on electronically

stored information and states as follows:

1.      The estimated number of custodians of electronically stored information who will

be the subject of orders of retention, orders for search for information, or production.

One Custodian employed by Polk County.

2.      Identification of relevant and discoverable ESI, including all methods agreed

upon by the parties for identifying any initial subset sources of ESI which are most likely to

contain relevant and discoverable information, as well as methodologies agreed upon for

retrieving the relevant and discoverable ESI from the initial subset, and the persons or entities with possession, custody or control of such discoverable information.

Emails between Polk County Sheriff Department Command staff, including Frank Marasco concerning Dan Charleston.

3.      The agreed time frame for all searches of computers maintained by any and all parties.

January 1, 2015 to September 30, 2017.

4.       The agreed format for any computerized searches.

pdf.

5.      The agreed search terms to be utilized in any computerized search, including predictive coding, key word search or use of algorithms.

Dan Charleston.

6.      Whether the existence of, and retention of, ESI has been identified in the initial disclosures exchanged, or to be exchanged by the parties.

No.

7.      The implementation and existence of litigation holds on electronically stored information by all parties.

Defendant has already implemented a litigation hold on the ESI identified in No. 2.

8.      The existence, location and availability of information stored, maintained and collected in any "cloud" computing facilities or programs.

None.

9.      The extent to which social media sites will be subject to discovery, and the identity of such sites, and the person(s) who created, used, or have access to such sites.

Dan Charleston's Facebook and Instagram accounts.

10.     Should there be phased discovery, and if so, set forth the bases or reasons for a phased discovery plan.

No.

11.     The use of experts or vendors regarding ESI issues.

None anticipated at this time.

12.     The extent to which the parties have discussed, agreed upon, or disagreed upon methods to reduce, share or allocate costs of producing, reviewing, retrieving or storing ESI pursuant to Fed. R. Civ. P. 26(b)(2)(B).

No discussion since not anticipated issue.

13.     Whether there will be any requests made to any party regarding the content, address, and participants in any social media sites of any type or nature, and if so identify the person or persons in whose name or identification such social media site or sites is listed.

Defendant may request access to Dan Charleston's social media sites.

14.     Whether the parties have agreed upon a stipulation pursuant to Fed. R. Evid. 502(e), and/or whether the parties will seek or agree on the entry of an order pursuant to Fed. R. Evid. 502(d).

No agreement to date.

Bill McCarthy et. al., Defendants                    Dan Charleston, Plaintiff

/s/ Meghan L. Gavin                                  /s/Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Telephone:  563-424-1982
Fax:  563-424-1983
Email:  sfieweger@fiewegerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I e-filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the defendants attorneys:

/s/ Stephen T. Fieweger

Ralph E. Marasco, Jr.
Meghan L. Gavin
Assistant County Attorney
111 Court Ave., Room 340
Des Moines, IA 50309
Phone:  515.286.3331
Fax:  515.286.3314
Email:  Ralph.Marasco@polkcountyiowa.gov
Email:  Meghan.Gavin@polkcountyiowa.gov